UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HISAN LEE,<br><br>　　　　　　　　Petitioner,<br><br>　　　　-against-<br><br>UNITED STATES OF AMERICA<br><br>　　　　　　　　Respondent. | 07-cr-0003 (LAP)<br><br>17-cv-8567 (LAP)<br><br><u>OPINION & ORDER</u> |

LORETTA A. PRESKA, Senior United States District Judge:

　　Before the Court are Petitioner Hisan Lee's <u>pro se</u> motion pursuant to Federal Rule of Civil Procedure 59(e) for the Court to reconsider its March 17, 2022, Order and Opinion denying Petitioner's requested relief under 28 U.S.C. § 2255(f)(1), (see dkt. no. 946 ["Motion for Reconsideration"]), and Petitioner's Rule 15(c) motion to amend, (see dkt. no. 960 ["Motion to Amend"]), his supplemental 28 U.S.C. § 2255(f)(1) motion (see dkt. no. 842 ["Successive Section 2255 Motion"].)[1]  The Government opposes both the Motion for Reconsideration and the Motion to Amend. (See dkt. no. 976. ["Opp."].)  Petitioner replied to the Government's opposition. (See dkt. no. 1007 ["Reply"].)

---

[1] Mr. Lee has also filed the Motion for Reconsideration and Motion to Amend in civil case <u>Lee v. United States</u>, No. 17-cv-8567 (LAP). (<u>See</u> Motion for Reconsideration, <u>Lee v. United States</u>, No. 17-cv-8567 (LAP) (S.D.N.Y. Aug. 9, 2022), dkt. no. 52; Motion to Amend, <u>Lee v. United States</u>, No. 17-cv-8567 (LAP) (S.D.N.Y. Oct. 31, 2022), dkt. no. 58.)  However, for ease of reference, all citations to docket entries herein refer to 07-cr-0003.

For the reasons set forth below, Petitioner's Motion for Reconsideration is denied, and Petitioner's Motion to Amend is granted. Specifically, the Court denies Petitioner's request to reconsider his claims of ineffectiveness of counsel. However, the Court grants Petitioner's request to amend his Successive Section 2255 Motion pursuant to United States v. Taylor*, 596 U.S. 845 (2022).[2] Further, where Petitioner's Successive Section 2255 Motion is amended to include the arguments under Taylor, the Successive Section 2255 Motion is granted in part. Accordingly, Petitioner's conviction under Count Twenty-Two of his indictment is vacated, while the Court leaves his convictions under Counts Twenty-Three and Twenty-Four undisturbed. Finally, the Court declines to conduct de novo resentencing.

## I.   Background

Mr. Lee was a member of a racketeering enterprise known as the DeKalb Avenue Crew, which operated principally around DeKalb Avenue in the Bronx during the 1990s and 2000s. (See dkt. no. 93 ["Indictment"] at 2-3.) In furtherance of the enterprise, Mr. Lee and his co-defendants "engaged in extensive drug dealing, violence, robberies of drug dealers, and murders." See United

---

[2] As discussed below, the Court construes Mr. Lee's Motion to Amend in light of Taylor as a substantive submission and considers the merits of the claims raised therein. (See infra Part III.a.)

States v. Lee, 834 F.3d 145, 149 (2d Cir. 2016); (see also Indictment at 4-5).

### a. Indictment and Sentencing

On February 20, 2008, a grand jury charged Mr. Lee and his co-defendants in a thirty-five-count Superseding Indictment. (See Indictment.)  At trial, Mr. Lee was found guilty on fourteen counts. (See dkt. no. 413 at 1-12.)  Here, Mr. Lee challenges his convictions under Counts Twenty-Two, Twenty-Three, and Twenty-Four for use of a firearm in furtherance of the attempted and completed Hobbs Act robberies for which he was convicted under Counts Ten and Eleven.[3]

Under Count Ten, Mr. Lee was charged with attempted Hobbs Act robbery at 2041 Strang Avenue, where Mr. Lee and certain of his co-defendants "attempted to rob several individuals of large bags that [they] believed contained narcotics[.]" (See dkt. no. 413 at 10; Indictment at 38.)  Under Count Twenty-Two, Mr. Lee was charged with using, carrying, possessing, and discharging firearms in furtherance of the attempted Hobbs Act robbery at 2041 Strang Avenue, or aiding and abetting the same, in violation of 18 U.S.C. § 924(c). (See Indictment at 47.)

---

[3] Any discrepancy between the numbering of these convictions across the parties' papers is attributed to a shift between the verdict form, (dkt. no. 413), and the Indictment.  Counts Eighteen, Nineteen, and Twenty on the verdict form correspond to Counts Twenty-Two, Twenty-Three, and Twenty-Four in the Indictment, respectively. (See Opp. at 3 n.2.)

Under Count Eleven, Mr. Lee was charged with completed Hobbs Act robbery at 4136 Wilder Avenue, where Mr. Lee and certain of his co-defendants "robbed [Oneil Johnson] of several pounds of marijuana . . . during which robbery [Oneil Johnson] was shot and killed." (See dkt. no. 413 at 10; Indictment at 39.)  Under Count Twenty-Three, Mr. Lee was charged with the murder of Oneil Johnson through the use of a firearm in relation to the completed Hobbs Act robbery at 4136 Wilder Avenue, in violation of 18 U.S.C. § 924(j). (See Indictment at 48.)  Under Count Twenty-Four, Mr. Lee was charged with using, carrying, possessing, and discharging firearms in relation to the completed Hobbs Act robbery at 4136 Wilder Avenue, in violation of 18 U.S.C. § 924(c).  (See id. at 48-49.)

Following a six-week trial before Judge Barbara S. Jones, a jury found Mr. Lee guilty on all fourteen counts against him. (See dkt. no. 413 at 1-12.)

On March 25, 2011, Mr. Lee was sentenced to terms of life imprisonment plus thirty years. (See dkt. no. 495 ["Sentencing Tr."] at 23:21-22.)  Specifically, the Court sentenced Mr. Lee to: a term of life imprisonment on each of on Counts One, Two, Three, Four, Eight, Twenty-One, and Twenty-Three, with each term to run concurrently with the others; a term of twenty years imprisonment on each of Counts Seven, Nine, Ten, Eleven, with each term to run concurrently with each other and the terms of life imprisonment;

five years imprisonment on Count Twenty, to run consecutively with the life terms and twenty-year terms; and twenty-five years imprisonment on Count Twenty-Two, to run consecutively to the five-year term and to the other terms of life and twenty years. (See id. at 23:6-18; see also supra n.3 (noting the discrepancy in the numbered convictions).)   On Count Twenty-Four, the Court imposed no additional sentence. (See Sentencing Tr. at 23:19-20; see also supra n.3.)

### b. Procedural Background

On November 2, 2017, Mr. Lee filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (See dkt. no. 686 ["Initial Section 2255 Motion"].)   Mr. Lee's motion raised claims of (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) prosecutorial misconduct. (See id. at 5.)

On April 6, 2020, Mr. Lee filed a supplemental motion to vacate under 28 U.S.C. § 2255 pursuant to the Supreme Court's decision in United States v. Davis, 588 U.S. 445 (2019). (See Successive Section 2255 Motion.)   There, Mr. Lee contended that Counts Twenty-Two, Twenty-Three, and Twenty-Four must be vacated because, following Davis, the predicates of the Section 924 offenses—attempted and completed Hobbs Act robberies—were no longer crimes of violence and thus could not form the bases for his convictions under Section 924(c). (See id. at 1.)   On May 4,

2020, the Government opposed Mr. Lee's Successive Section 2255 Motion which sought to include additional <u>Davis</u>-based claims. (<u>See</u> dkt. no. 848.)  The Government correctly contended that <u>Davis</u> alone did not affect Mr. Lee's convictions on Counts Twenty-Two, Twenty-Three, and Twenty-Four. (<u>See</u> <u>id.</u> at 2; <u>see also</u> <u>infra</u> Section III.b.i.A (discussing the status of attempted and completed Hobbs Act robberies as crimes of violence post-<u>Davis</u> and <u>Taylor</u>).)  On July 21, 2020, Mr. Lee replied to the Government's opposition. (<u>See</u> dkt. no. 857.)

On March 17, 2022, the Court denied Mr. Lee's Initial Section 2255 Motion. (<u>See</u> dkt. no. 931 [the "Opinion"].)  On August 9, 2022, Mr. Lee filed the instant Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e), requesting that the Court reconsider its denial of his Initial Section 2255 Motion. (<u>See</u> Motion for Reconsideration.)  In his Motion for Reconsideration, Mr. Lee contends that the Court overlooked his claims of ineffective assistance of counsel and prosecutorial misconduct. (<u>See</u> <u>id.</u> at 5-15.)  Mr. Lee also argues that the Court failed to adjudicate his claims under <u>Davis</u>—raised in his Successive Section 2255 Motion—to vacate Counts Twenty-Two, Twenty-Three, and Twenty-Four. (<u>See</u> <u>id.</u> at 4.)

On November 1, 2022, Mr. Lee filed a <u>pro se</u> motion to amend his Successive Section 2255 Motion, seeking leave "to include the intervening change in law announced in [<u>Taylor</u>]." (Motion to Amend

at 1.)  Specifically, Mr. Lee seeks vacatur of his convictions in Counts Twenty-Two, Twenty-Three, and Twenty-Four for discharge of a firearm during and in furtherance of attempted and completed Hobbs Act robberies. (See id. at 2.)  On July 14, 2023, the Government opposed Mr. Lee's Motion for Reconsideration and Motion to Amend in a single submission. (See Opp.)  On March 11, 2024, Mr. Lee replied to the Government's opposition. (See Reply.)

The Court now considers the claims set forth in Mr. Lee's Motion for Reconsideration and Motion to Amend.

## II.  Motion for Reconsideration

Mr. Lee moves for reconsideration under Rule 59(e), arguing the Court overlooked his claims for ineffective assistance of counsel and prosecutorial misconduct in denying the Initial Section 2255 Motion. (See Motion for Reconsideration at 5-15.) The Court denies this motion.

### a. Legal Standard

Consistent with Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend a judgment."  Fed. R. Civ. P. 59(e); see also In re Facebook, Inc., IPO Sec. and Derivative Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014).  In considering a Rule 59(e) motion, courts look to whether a petitioner has demonstrated "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956

F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). "The standard for reconsideration is strict and the decision [to grant or deny the motion] is within the sound discretion of the district court." Herrera v. United States, No. 18 CR. 13 (NRB), 2020 WL 1322543, at *1 (S.D.N.Y. Mar. 19, 2020) (citation omitted).

It is well-settled in this District that a motion for reconsideration is not "an occasion for repeating old arguments previously rejected[.]" Associated Press v. U.S. Dept. of Defense, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (citations omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

**b. Discussion**

In his Motion for Reconsideration, Mr. Lee argues the Court "overlooked the gravamen" of his ineffectiveness of counsel claims. (Motion for Reconsideration at 9.) Mr. Lee sets forth a number of issues which he believes the Court has overlooked, including: (i) his trial counsel, Mr. Sporn's, cross-examination of Government witness Maxine Clark; (ii) Mr. Sporn's failure to cross-examine other witnesses; (iii) Mr. Sporn's failure to investigate physical evidence; and (iv) prosecutorial misconduct. (See Motion for Reconsideration at 7–8; Reply at 5.) Mr. Lee urges the Court that Mr. Sporn's conduct fell below his constitutionally guaranteed standard of representation, and argues the Court's

"incomplete" and "boilerplate" analysis of Mr. Sporn's conduct necessitates reconsideration. (See Reply at 6-7.)  Further, Mr. Lee contends the Court misapplied controlling law. (See Reply at 11 (citing Strickland v. Washington, 466 U.S. 668 (1984)).)  Yet, the Court addressed each of these very claims in its 45-page opinion denying Mr. Lee's Initial Section 2255 Motion. (See Opinion at 11-44.)  Where, as here, the issue of ineffective counsel has already been litigated, (see dkt nos. 686, 764, 774, 931), the Court denies Mr. Lee's request to reconsider these claims. See Shrader, 70 F.3d at 257.

Previously, the Court found Mr. Sporn's conduct did not give rise to an ineffective assistance of counsel claim.  Specifically, the Court found Mr. Sporn's cross-examination of Maxine Clark and decision not to call certain witnesses "f[e]ll within the 'wide range of reasonableness' against which counsel's conduct is adjudged[.]" (Opinion at 16 (citing United States v. Carey, No. 09-CR-441 (DRH), 2018 WL 4863590, at *2 (E.D.N.Y. Sept. 28, 2018)); see also id. at 14, 22-24.)  Further, the Court found Mr. Sporn's "professional judgment" in evaluating the physical evidence was "objectively reasonable" and that there was no support for a claim of prosecutorial misconduct. (Id. at 17-18, 20.)

While Mr. Lee contends Mr. Sporn failed to take further steps to investigate, (see Reply at 6), Mr. Lee fails to identify new factual matters which might be reasonably expected to alter the

Court's decision—a major ground for justifying reconsideration. See Virgin Atl. Airways, Ltd., 956 F.2d at 1255 (citation omitted). Further, citing Strickland, Mr. Lee contends the Court misapplied controlling law. (See Reply at 11.)    However, as the Court previously explained, Strickland requires courts to ask whether the counsel's conduct "fell below an objective standard of reasonableness," "applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 687-88, 691.    The Court thoroughly engaged in this very inquiry and rejected Mr. Lee's argument that Mr. Sporn's conduct fell below this objective standard. (See Opinion at 12-15.)

Where, as here, Mr. Lee does not adequately identify a change in controlling law or new evidence, or a need to correct a clear error or prevent manifest injustice, his attempt to relitigate his claims set forth in his Initial Section 2255 Motion fails under Rule 59(e). See Virgin Atl. Airways, Ltd., 956 F.2d at 1255 (citation omitted).    Accordingly, the Court rejects Mr. Lee's request to reconsider his ineffectiveness of counsel and prosecutorial misconduct claims, and the Motion for Reconsideration is denied.

## III. Motion to Amend

In his Successive Section 2255 Motion and Motion to Amend, Mr. Lee argues that his convictions for Counts Twenty-Two, Twenty-Three, and Twenty-Four should be vacated pursuant to the

Supreme Court's holdings in <u>Davis</u> and <u>Taylor</u>. (<u>See</u> Successive Section 2255 Motion at 1; Motion to Amend at 2.)  For the reasons set forth below, the Court vacates the conviction on Count Twenty-Two but declines to vacate the convictions on Counts Twenty-Three and Twenty-Four.

### a. The Successive Section 2255 Motion is Amended

#### i. Legal Standard

A motion to amend a prior Section 2255 petition is governed by Federal Rule of Civil Procedure 15. <u>See</u> <u>Littlejohn v. Artuz</u>, 271 F.3d 360, 363 (2d Cir. 2001).  Leave to amend "shall be freely given when justice so requires," but it may be properly denied where, among other things, there is "undue prejudice to the opposing party by virtue of allowance of the amendment[.]" <u>Ruotolo v. City of N.Y.</u>, 514 F.3d 184, 191 (2d Cir. 2008) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

Pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), pleadings may be amended when the amended pleading relates back to the original pleading—that is, if it "ar[i]se[s] out of the conduct, transaction, or occurrence set out . . . in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).  Courts have found "[r]elation back turns on the facts underlying a claim, not the legal theory." <u>Munoz v. Burge</u>, No. 02-CV-6198 NGG, 2010 WL 3394696, at *5 (E.D.N.Y. Aug. 20, 2010) (citing <u>Mayle v. Felix</u>, 545 U.S. 644, 646 (2005)).  In the <u>habeas</u> context, "[s]o long as the

original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle, 545 U.S. at 664.

Further, it is well-settled that "pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citation omitted). Courts have applied this general reasoning of pro se pleadings to pro se motions filed pursuant to Section 2255. See id. ("We see no reason why the general rule should not apply to pro se motions filed pursuant to [S]ection 2255.").

In the context of pro se habeas petitions, courts have construed motions for leave to amend as substantive motions. See Martin v. United States, 834 F. Supp. 2d 115, 120-22 (E.D.N.Y. 2011) (granting motions to amend and reaching the merits of the claims presented therein in the same opinion); see also Geritano v. United States, No. 03-CR-970 (RPK), 2023 WL 3499511, at *5 (E.D.N.Y. May 17, 2023) (construing a Section 2241 petition as a motion to amend a Section 2255 petition, and reaching the merits of the claims raised therein in the same opinion). Importantly, where the claims raised in a motion to amend have been fully briefed by the parties, courts have found "no further briefing schedule . . . necessary[,]" and construed the underlying habeas petition as amended. Cordova-Diaz v. Brown, No. 10 CIV. 5133 CM

KNF, 2011 WL 4060086, at *3 (S.D.N.Y. Sept. 14, 2011) (granting motion to amend where respondent addressed the merits of petitioner's claim in an opposition and petitioner replied); see also Martin, 834 F. Supp. 2d at 120-22.  In Martin v. United States, for example, a court considered a petitioner's requests to amend his motion for habeas relief pursuant to 28 U.S.C. § 2255. See 834 F. Supp. 2d at 120-22.  There, the government opposed two of petitioner's three motions to amend. Id.  Finding that the claims in petitioner's motions to amend sufficiently related back to the original pleading, the court deemed the habeas petition amended and proceeded to consider the merits of the claims in the same opinion. Id. at 123-24.

### ii. Discussion

First, the Court finds the claims raised in Mr. Lee's Motion to Amend sufficiently relate back to the Successive Section 2255 Motion.  The Government does not contest this point, nor does it claim it will be subject to any prejudice if Mr. Lee is permitted to amend the Successive Section 2255 Motion. (See Opp.); cf. Ruotolo, 514 F.3d at 191 (citation omitted) (finding leave to amend may be denied where opposing party is unduly prejudiced). Accordingly, Mr. Lee may, under Rule 15(c), amend his Successive Section 2255 Motion.

On April 6, 2020, Mr. Lee filed the supplemental motion to vacate under 28 U.S.C. § 2255 pursuant to the Supreme Court's

decision in Davis. (See Successive Section 2255 Motion.)  On November 1, 2022, Mr. Lee filed his Motion to Amend the Successive Section 2255 Motion. (See Motion to Amend.)  In both his Successive Section 2255 Motion and Motion to Amend, Mr. Lee challenges the same three convictions for use of a firearm in connection with crimes of violence and asserts that the convictions "can no longer be sustained" under the Supreme Court's more recent interpretations of Section 924(c). (Id. at 2; see also Successive Section 2255 Motion at 2.)  Where, as here, Mr. Lee's Motion to Amend is based on the same underlying facts as his original pleading but identifies a change in controlling law, leave to amend shall be granted.  See Munoz, 2010 WL 3394696, at *5 (citation omitted).

Next, the Court construes the Successive Section 2255 Motion as adequately amended to incorporate the arguments in Mr. Lee's Motion to Amend. See Martin, 834 F. Supp. 2d at 120-22; Geritano, 2023 WL 3499511, at *5.  In his Motion to Amend, Mr. Lee correctly identifies that, under Taylor, "attempted Hobbs Act [r]obbery does not satisfy [Section] 924(c)'s elements clause[,]" and thus his conviction in Count Twenty-Two premised on attempted Hobbs Act robbery "can no longer be sustained." (Motion to Amend at 2); see also Taylor, 596 U.S. at 860.  Viewing Mr. Lee's Motion to Amend "to raise the strongest arguments that [he] suggest[s]," Green, 260 F.3d at 83 (citation omitted), the Court finds Mr. Lee has

adequately justified vacatur of his conviction in Count Twenty-Two.

So too has the Government adequately responded to the claims raised in Mr. Lee's Motion to Amend. (See Opp. at 7-13.)  In fact, the arguments raised pursuant to Davis and Taylor have both been fully briefed by the parties. (See dkt nos. 842, 848, 857 (parties briefing the Davis-based claims); dkt nos. 960, 976, 1007 (parties briefing the Taylor-based claims).)  Where, as here, the merits of Mr. Lee's Motion to Amend have been sufficiently addressed by both parties, the Court finds "no further briefing schedule is necessary." Cordova-Diaz, 2011 WL 4060086, at *3; see also Martin, 834 F. Supp. 2d at 120-22 (granting and reaching the merits of motions to amend in the same opinion where the government opposed two of petitioner's three motions to amend).  Accordingly, the Court construes the Motion to Amend as a substantive motion and now proceeds to adjudicate the merits of the Successive Section 2255 Motion, as amended. See Martin, 834 F. Supp. 2d at 120-22; Geritano, 2023 WL 3499511, at *5.

### b. The Merits of the Davis- and Taylor-Based Claims

#### i. Legal Standard

##### A. Section 924 Convictions

Under Section 924(c), it is a crime to possess a firearm in connection with a crime of violence. 18 U.S.C. § 924(c)(1). Further, Section 924(j) governs where, "in the course of a

violation of subsection (c)," a defendant "causes the death of a person through the use of a firearm[.]" Id. § 924(j) (emphasis added). The statute provides two definitions for what constitutes a "crime of violence" to create criminal liability under the statute. Id. § 924(c)(3). Those two definitions are found separately in Section 924(c)'s "elements clause" and "residual clause." See id. § 924(c)(3)(A), (B); see also Davis, 588 U.S. at 467 (referring to Section 924(c)(3)(A) as the "elements clause" and Section 924(c)(3)(B) as the "residual clause").[4]

The residual clause provides that a crime may be one "of violence" if the nature of the crime created a "substantial risk of violence." See Davis, 588 U.S. at 467. The elements clause, on the other hand, states that a crime is one "of violence" only if violence was an actual element of the offense. See id. (emphasis added). In Davis, however, the Supreme Court invalidated the residual clause, finding it to be unconstitutionally vague. See id. at 470. It follows that a defendant may only be convicted under Section 924(c) or 924(j) for carrying out a "crime of violence" if the crime falls within the scope of the elements

_____

[4] Section 924(j) incorporates the elements and residual clauses from subsection (c). See Lora v. United States, 143 S. Ct. 1713, 1717 (2023) (citation omitted) ("[T]o define [subsection (j)], one must consult subsection (c)'s offense elements (i.e., what it takes to violate [subsection (c)])."). Thus, the discussion herein as to what constitutes a "crime of violence" under subsection (c) also applies to subsection (j).

clause—that is, where physical force is an actual element of the underlying crime.

In Taylor, the Supreme Court further limited the scope of a Section 924(c) offense. See 596 U.S. at 860.  There, the Court found that attempted Hobbs Act robbery is not a valid predicate crime of violence under the elements clause because a conviction for attempted Hobbs Act robbery requires no proof of physical force. See id.; see also United States v. McCoy (McCoy II), 58 F.4th 72, 73-74 (2d Cir. 2023) (per curiam) (citing Taylor, 596 U.S. at 850-52) ("[A]n attempt does not categorically require the government to prove that the defendant used, attempted to use, or threatened to use force against the person or property of another.")

Thus, following the Supreme Court's decisions in Davis and Taylor, attempted Hobbs Act robbery is no longer a valid predicate conviction for a 924(c) conviction at all—either under the residual clause or under the elements clause.  See Davis, 588 U.S. at 470; Taylor, 596 U.S. at 859-60.  First, attempted Hobbs Act robbery cannot form a basis for a Section 924(c) conviction under the residual clause because the residual clause is void entirely for vagueness. See Davis, 588 U.S. at 470.  Further, attempted Hobbs Act robbery can no longer form a basis for a Section 924(c) conviction under the elements clause.  This is because the elements clause requires physical force to be an actual element of the

underlying crime, see Taylor, 596 U.S. at 850, 860, yet courts have found proving attempt does not actually require a showing of physical force. See id. at 851; see also McCoy II, 58 F.4th at 73-74. It follows that because a conviction for attempted Hobbs Act robbery does not in turn establish that physical force was an actual element of the underlying crime, a conviction for attempted Hobbs Act robbery is not a predicate "crime of violence" to form a basis for a Section 924(c) conviction under the elements clause.

However, completed Hobbs Act robberies, as well as completed Hobbs Act robberies resulting in death, remain crimes of violence under the elements clause of 924(c). Following the Supreme Court's decision in Taylor, the Court of Appeals has reversed Section 924(c) convictions "for brandishing firearms during and in relation to attempted Hobbs Act robberies." McCoy II, 58 F.4th at 73 (emphasis added). Yet, the Court of Appeals has expressly rejected the idea that Taylor invalidates the "settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to [S]ection 924(c)(3)(A)." McCoy II, 58 F.4th at 74 (declining to vacate conviction "for brandishing firearms during and in relation to a completed Hobbs Act robbery[]" post-Taylor); see also United States v. Waite, No. 18-2651, 2023 WL 3730447, at *1 (2d Cir. May 31, 2023) (declining to vacate two convictions predicated on completed Hobbs Act robbery post-Taylor); United States v. Barrett, 102 F.4th 60, 81-83

(2d Cir. 2024) (declining to vacate three convictions predicated on completed Hobbs Act robbery because "those counts are categorically crimes of violence" post-Taylor and McCoy II). Thus, it is well-settled in this Circuit that completed Hobbs Act robberies remain valid predicates to convictions under Section 924(c)'s elements clause.

### B. Concurrent Sentence Doctrine

The concurrent sentence doctrine is a discretionary tool which courts may use in the context of a defendant's collateral challenge to (i) concurrent sentences or (ii) consecutive sentences which follow a life term. See Kassir v. United States, 3 F.4th 556, 564 (2d Cir. 2021); see also Al-'Owahli v. United States, 36 F.4th 461, 466 (2d Cir. 2022)(finding the doctrine is also available on collateral review when the sentence runs consecutively to one or more unchallenged life terms). Under the doctrine, courts may avoid reaching the merits of a claim altogether because "a ruling in the defendant's favor would not reduce the time he is required to serve . . . ." Kassir, 3 F.4th at 561. However, the concurrent sentence doctrine is "[f]ar from [mandatory]." Id. at 568. It is "a rule of judicial convenience[,]" id. at 561, and "whether or not to [apply it] rests in the Court's discretion," United States v. Padilla, No. 1:94-CR-0313 (CSH), 2024 WL 1413979, at *6 (S.D.N.Y. Apr. 2, 2024).

In August 2023, the Court was presented with co-defendant Delroy Lee's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Lee v. United States, No. 07-CR-03 (LAP), 2023 WL 5509046, at *1 (S.D.N.Y. Aug. 25, 2023). Pursuant to Davis and Taylor, Delroy Lee challenged his convictions for two counts of attempted Hobbs Act robbery and one count of completed Hobbs Act robbery. Id. at *7. The Government opposed Delroy Lee's challenge to his convictions for the counts of attempted Hobbs Act robbery based on the concurrent sentence doctrine. Id. Recognizing that the concurrent sentence doctrine is discretionary, the Court "decline[d] to exercise that discretion" and instead continued to the merits of Delroy Lee's claims. Id.

### ii. Discussion

#### A. Section 924 Convictions

##### i. Count Twenty-Two: Attempted Hobbs Act Robbery

Mr. Lee contends, and the Government concedes, that the Supreme Court's holding in Taylor invalidates his conviction for attempted Hobbs Act robbery in Count Twenty-Two under 18 U.S.C. § 924(c). (See Motion to Amend at 2; Opp. at 10-11.) In light of Davis and Taylor, attempted Hobbs Act robbery is not a valid 924(c) conviction under either the elements clause or the residual clause. See Davis, 588 U.S. at 470 (finding the residual clause void for vagueness); Taylor, 596 U.S. at 859-60 (finding attempted Hobbs

Act robbery is not a valid predicate for a crime of violence under the elements clause).  Accordingly, there is no basis for the conviction, and the Court vacates Count Twenty-Two.

### ii. Counts Twenty-Three and Twenty-Four: Completed Hobbs Act Robbery

Mr. Lee incorrectly argues the Supreme Court's holding in _Davis_ necessitates vacating his convictions for completed Hobbs Act robbery under Counts Twenty-Three and Twenty-Four, under 18 U.S.C. § 924(j) and 18 U.S.C. § 924(c), respectively.  (_See_ Successive Section 2255 Motion at 6–7.)  As a threshold matter, the Court of Appeals has routinely held that neither _Davis_ nor _Taylor_ has disturbed the well-settled precedent that completed Hobbs Act robbery convictions qualify as predicate crimes of violence under Section 924(c).  _See_ _McCoy II_, 58 F.4th at 74; _Waite_, 2023 WL 3730447, at *1; _Barrett_, 102 F.4th at 81-83.  As such, neither _Davis_ nor _Taylor_ provides a basis pursuant to which this Court can conclude that Mr. Lee's completed Hobbs Act robbery convictions should be vacated under a theory that they are not crimes of violence.

Further, Mr. Lee argues that his convictions for aiding and abetting Hobbs Act robbery fail to qualify as 924(c) crimes of violence because the "use of physical force is not necessarily an element of aiding and abetting." (Successive Section 2255 Motion at 6-7.)  However, aiding and abetting a completed Hobbs Act

robbery nonetheless satisfies the elements clause of a Section 924(c) offense because aiding and abetting is a theory of liability, not the predicate crime. See United States v. McCoy (McCoy I), 995 F.3d 32, 58 (2d Cir. 2021), cert. granted, judgment vacated, 142 S. Ct. 2863 (2022), reinstated in part, McCoy II, 58 F.4th 72; see also McCoy II, 58 F.4th at 75 (expressly adopting the parts of McCoy I not contradicted by Taylor). As explained above, a valid conviction under Section 924(c)'s elements clause concerns whether the underlying crime involved physical force. See Taylor, 596 U.S. at 860 (emphasis added). Thus, aiding and abetting a completed Hobbs Act robbery, rather than committing it, nonetheless satisfies the elements clause for a Section 924(c) conviction because the underlying crime remains a conviction for a completed Hobbs Act robbery—a crime of violence.

Mr. Lee challenges his convictions in Counts Twenty-Three and Twenty-Four for the use of a firearm in furtherance of the completed Hobbs Act robbery at 4136 Wilder Avenue which resulted in the death of Oneil Johnson. (See Indictment at 39, 47-49; dkt. no. 413 at 10, 12.[5]) Counts Twenty-Three and Twenty-Four are predicated on the completed Hobbs Act robbery charged in Count Eleven. (See Indictment at 39, 47-49; dkt. no. 413 at 10, 12.)

---

[5] Counts Eleven, Twenty-Three and Twenty-Four in the Indictment correspond to Counts Ten, Nineteen and Twenty on the Verdict Form. (See supra n.3.)

Thus, Mr. Lee's theory is not enough to disturb the Court of Appeals' "prior holding that aiding and abetting a Hobbs Act robbery—like committing a Hobbs Act robbery itself—is a proper predicate under section 924(c)." Waite, 2023 WL 3730447, at *1 (citations omitted).  Where, as here, Mr. Lee faces convictions for which the underlying crime is a completed Hobbs Act robbery, his convictions under Section 924(c) remain valid regardless of if he aided and abetted the Hobbs Act robbery or committed it himself. Accordingly, the Court declines to vacate the convictions on Counts Twenty-Three and Twenty-Four.

### B. Concurrent Sentence Doctrine

Further, the Court uses its reasoned discretion and declines to apply the concurrent sentence doctrine.  The Government argues the Court should decline to consider Mr. Lee's challenges to Counts Twenty-Two, Twenty-Three, and Twenty-Four because Mr. Lee is serving six unchallenged concurrent life sentences and will therefore remain in custody regardless of whether the challenged convictions are vacated. (See Opp. at 7-10.)  However, employing the doctrine is discretionary, and courts may nonetheless prefer to adjudicate on the merits of a motion for habeas relief. See Kassir, 3 F.4th at 568 ("[T]here may be cases where, in a court's reasoned discretion, a decision on the merits sooner rather than later is warranted and preferable.")  Here, consistent with the Court's approach in the case of co-defendant Delroy Lee—who

similarly challenged convictions pursuant to <u>Davis</u> and <u>Taylor</u> for counts of attempted and completed Hobbs Act robbery—the Court finds it is appropriate to decline to apply the concurrent sentence doctrine and to issue a decision on the merits of Mr. Lee's motion instead. <u>See Lee</u>, 2023 WL 5509046, at *7–8.

## IV. Resentencing

As discussed above, the Court vacates Mr. Lee's conviction on Count Twenty-Two.  However, the Court uses its discretion and declines to conduct <u>de novo</u> resentencing.

### a. Legal Standard

In the context of a collateral challenge under Section 2255, district courts have discretion as to the remedies for vacating a judgment. <u>See</u> <u>United States v. Peña</u>, 58 F.4th 613, 620 (2d Cir. 2023).  Where a court finds "the sentence imposed was not authorized by law," it may: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant a new trial; or (4) "correct the sentence as may appear appropriate." 28 U.S.C. § 2255; <u>see also</u> <u>Peña</u>, 58 F.4th at 618.  Courts have held that <u>de novo</u> resentencing is not mandatory, particularly "in the context of a 'truly interdependent' sentence[,]" <u>see</u> <u>United States v. Gordils</u>, 117 F.3d 99, 104 (2d Cir. 1997) (citation omitted), such as where resentencing "would not alter a defendant's aggregate term of incarceration." <u>Ayyad v. United States</u>, No. 16-CV-4346 (LAK), 2020 WL 5018163, at *2 (S.D.N.Y. Aug. 24, 2020) (declining to conduct

de novo resentencing for a defendant sentenced to an aggregate term of imprisonment of 1,405 months when vacating a 360 month consecutive sentence in the Section 2255 context), aff'd, No. 20-3832, 2023 WL 1975682 (2d Cir. Feb. 14, 2023); see also Peña, 58 F.4th at 623 (finding "a district court may properly deny de novo resentencing when the exercise would be an empty formality").

### b. Discussion

Here, Mr. Lee asks the Court to conduct de novo resentencing if it vacates any of the three challenged counts. (See Reply at 26.)  But resentencing will not alter Mr. Lee's "aggregate term of incarceration," Ayyad, 2020 WL 5018163, at *2, because he is currently serving concurrent life sentences on Counts One, Two, Three, Four, Eight, Twenty-One, and Twenty-Three. (Sentencing Tr. at 23:6-9.)  Given the serious nature of his crimes and the extent of Mr. Lee's other convictions, the Court declines to conduct de novo resentencing as doing so would be an "empty formality." See Peña, 58 F.4th at 623.  Instead, the Court uses its discretion and amends the Judgment to vacate Count Twenty-Two.

### V.   Conclusion

For the foregoing reasons, Mr. Lee's Motion for Reconsideration (dkt. no. 946) is DENIED, and his Motion to Amend (dkt. no. 960) is GRANTED.  Further, Mr. Lee's Successive Section 2255 Motion, as amended, (dkt. no. 842) is GRANTED in part and DENIED in part.  Specifically, Mr. Lee's request to vacate his

conviction on Count Twenty-Two pursuant to Taylor is GRANTED, while his requests to vacate his convictions on Counts Twenty-Three and Twenty-Four are DENIED.  Finally, the Court declines to conduct de novo resentencing and accordingly will enter an amended judgment reflecting the vacatur of Count Twenty-Two.

The Clerk of the Court shall close docket entry numbers 842, 946, and 960 in 07-cr-0003 and docket entry numbers 52 and 58 in 17-cv-8567.  The Clerk of the Court shall also mail a copy of this opinion and order to Mr. Lee.

**SO ORDERED.**

Dated: July 24, 2024
       New York, New York

_Loretta A. Preska_
_____
LORETTA A. PRESKA
Senior United States District Judge